IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHILDREN'S HOSPITAL & RESEARCH CENTER OAKLAND, INC. D/B/A CHILDREN'S HOSPITAL OAKLAND,<br><br>Plaintiff,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS-WEST, and DOES 1 though 50, inclusive,<br><br>Defendants. | No. C 12-03862 SI<br><br>**ORDER RE: HEARING ON MOTION FOR PRELIMINARY INJUNCTION AND CROSS-PETITION TO COMPEL ARBITRATION; RESETTING HEARING DATE** |

On July 24, 2012, plaintiff Children's Hospital Oakland filed a motion for preliminary injunction to enjoin defendant, a decertified union, from requesting or compelling plaintiff Hospital to participate in arbitration proceedings regarding the Hospital's employees' grievances. The Hospital argues that its participation in such arbitration proceedings would give rise to unfair labor practices charges, because the National Labor Relations Board decertified defendant and held an election whereby the Hospital's employees chose a new union as their exclusive bargaining representative. On August 23, 2012 defendants filed an opposition to the Hospital's motion, arguing that defendants have standing to pursue arbitration of these employee grievances because the grievances arose prior to decertification. Additionally, on August 29, 2012, defendants filed a cross-petition to compel arbitration. The Hospital filed a response to the cross-petition on September 12, 2012. Defendants have not yet filed a reply.

Underlying the instant motion and cross-petition are three employee grievances filed prior to defendants' May 24, 2012 decertification. According to the hospital, the newly certified union "can pursue the subject grievances, either through arbitration ore [sic] negotiations." Dkt. 22 at 5.

Additionally, the Hospital states "[the newly certified union] may properly decide to trade some of the issues involved in these grievances for other objectives in negotiations that it deems more important and beneficial to its members." *Id*.   Defendants express doubt that the newly certified union will pursue these grievances, stating that, "[s]ince there is no evidence that the Hospital and the [newly certified union] agreed to arbitrate these grievances, this lawsuit and motion by the Hospital may be an attempt to avoid any arbitration with either the [decertified union] or the [newly certified union] . . ." Dkt. 17 at 2.  Moreover defendants state that "[t]he Hospital has not presented any evidence that the [newly certified union] has entered into a collective bargaining agreement with the Hospital containing a binding grievance and arbitration procedure." *Id.* at 3.  Additionally, defendants assert that because the newly certified union is not a party to the collective bargaining agreement which was in place when these claims arose, the newly certified union is under no obligation to arbitrate these grievances. *Id.* at 15.  Therefore, it is apparent that the parties have conflicting positions on the impact of the instant motion and cross-petition on the future of these underlying employee grievances.

Because they are closely related, the Court will hold a hearing on both the motion and cross-petition on **Friday, September 28, 2012, at 9:00 a.m.**  The Court DIRECTS each party to be prepared to discuss the effect of the motion and cross-petition on the underlying employee grievances.  In particular, the Court anticipates discussion of the legal status of grievances arising prior to decertification, where a new union has been certified but no new collective bargaining agreement is in place, as is apparently the case here.

**IT IS SO ORDERED.**

Dated: September 13, 2012

SUSAN ILLSTON
United States District Judge